**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jared Jacobsen, | No. CV 05-2173-PHX-MHM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, | |
| Defendant. | |

Plaintiff, currently confined in the Towers Jail, Arizona, has filed a *pro se* Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. He has already been granted leave to proceed *in forma pauperis*. The Court will dismiss the action.

**A.   Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can

1 possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court
2 therefore should grant leave to amend if the pleading could be cured by the allegation of
3 other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.
4 Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot
5 be corrected.

**B.     Complaint.**

Plaintiff's action concerns his criminal prosecution in state court.  Plaintiff asserts that his Sixth Amendment right to a speedy trial has been violated because he was held in jail for more than seven months without a trial.  He also claims that there is no significant evidence to charge him with a crime.  For relief, he requests an award of $300,000 for pain and suffering, and an order to "hurry my trial along."

**C.     Failure to State a Claim.**

When a prisoner challenges the validity of his confinement, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For civil rights claims brought in § 1983 actions that also challenge the validity of confinement, the Supreme Court announced a "favorable termination rule" as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued.  Id. at 489. Thus, if a judgment in favor of the plaintiff would necessarily imply that invalidity of his conviction or sentence, the complaint must be dismissed.  Id. at 487.

The Ninth Circuit Court of Appeals has held that the concerns in Heck apply pre-conviction as well as post-conviction.  Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000).  "We agree with [six other circuit courts of appeal] and hold that Heck applies to pending criminal charges, and that a claim, if successful, would necessarily imply the

1  invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the
2  potential for a conviction in the pending criminal prosecution continues to exist." Id. at
3  1014.
4       Plaintiff's speedy trial and unfounded charges claims are therefore barred by Heck.
5  Both claims necessarily imply the validity of any conviction that might potentially result
6  from the pending charges. Plaintiff can bring a § 1983 claim only if the charges against him
7  are dismissed, or if he is convicted and has the conviction set aside. Until that time, his §
8  1983 action is premature and fails to state a claim upon which relief may be granted.
9  **IT IS THEREFORE ORDERED that:**
10       (1) The Complaint and this action are **dismissed** for failure to state a claim, and the
11  Clerk of Court shall enter judgment of dismissal without prejudice accordingly.
12       (2) The Clerk of Court shall make an entry on the docket in this matter indicating that
13  the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).
14       DATED this 20th day of October, 2005.

_____
Mary H. Murguia
United States District Judge